JUSTICE RICE,
dissenting.
¶26 The Court reverses Braunreiter’s conviction by concluding that Juror Kremer’s responses “demonstrate a fixed state of mind prejudicial to the presumption of innocence and Braunreiter’s right not to testify.” I disagree with this conclusion.
¶27 Kremer’s initial, spontaneous responses clearly demonstrate a proper understanding of the presumption of innocence and the burden of proof and should be given more weight than the later answers he gave to uncertain questions, the meaning of which was less than clear until the District Court clarified his answers. At that point Kremer *67 again clearly endorsed the proper legal principles, as demonstrated below.
¶28 In ¶ 13, the Opinion quotes the question from defense counsel, “So even if the Court were to instruct you that you should not hold a defendant’s choice not to testify against him, you still believe that it would be appropriate for him to get up there and testify?” The thrust of this question is far from clear, but it appears that defense counsel is asking, that even if a defendant has a right not to testify, does the juror feel it would nonetheless “be appropriate” for the defendant to do so. Kremer gives a perfectly correct response to this two part question as framed: (First part-right not to testify) “He doesn’t have to if he doesn’t want to. That’s his choice.” (Second part-but do you feel the defendant should testify?) “I feel he should get up and do it.” Defense counsel essentially asked Kremer whether he personally preferred to hear from the defendant directly. Kremer gave a precise answer to the particular question posed, indicating that while the defendant had the right not to testify, he believed that the defendant should. It is commonly assumed that jurors would like to hear from the defendant personally and, given the phrasing of this question, it should come as no surprise that Kremer’s answer reflected this common assumption. However, his expression of this common view was not an error about the right of the defendant not to testify, and even if incorrect, it is not unusual for jurors to come to the process with an incorrect or mistaken view. The critical concern is whether they are willing to lay their personal view aside and apply the law as given. Kremer clearly was. ¶29 The Court maintains that “Kremer maintained that he would require a defendant to testify notwithstanding court instructions to the contrary.” However, I do not believe that the record supports this statement. This conclusion is based on the question and answer quoted in ¶ 14 of the Opinion, but the Court’s quote does not reveal the entire context. First, the prosecutor asked Kremer a double-negative question: “If the judge tells you that you are not to consider [the defendant’s failure to testify], you can set that aside and not let that enter into your deliberations?” The meaning of Kremer’s answer to these double-negatives-a simple “No”-was not clear but, without asking any clarifying questions, the prosecutor then immediately stated, “I ask that he not be excused, Your Honor.” The District Court, apparently noticing the lack of clarity, asked two clarifying questions about Kremer’s willingness to follow the instructions and Kremer gave strong, clear answers to both, explaining he would follow the law-consistent with the proper answers he gave initially.
*68 ¶30 I do not believe the answers of the juror here rise to the level of a “serious question about a prospective juror’s ability to be fair and impartial,” which we noted in Hausauer, ¶ 29. The prospective juror’s answers in Hausauer were clearly incorrect from the beginning, and were surrendered only in virtually the last question she was asked, after extensive questioning. Hausauer, ¶¶ 26-27. In contrast, Kremer gave initially correct answers, followed by unclear answers to unclear questions from both counsel, and then gave correct answers to clear questions by the Court. To be sure, the cold record could leave some doubt, depending on what one draws from the transcript, but this is why we have held “[bjecause the trial court is best able to observe the jurors and to decide the potential for prejudice ... the trial court has significant latitude when ruling on such matters. [Citation omitted.] This Court gives the trial court’s determination considerable weight and will defer to that determination ....” State v. Hatten, 1999 MT 298, ¶ 28, 297 Mont. 127, ¶ 28, 991 P.2d 939, ¶ 28 (emphasis added). Here, it is not clear to me that Kremer had a bias or improper view which he would not surrender. I would thus defer to the observations of the District Court and conclude that it did not abuse its discretion.
¶31 I would affirm.